**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------X
CLEOPATRA CRUDEN,
VIVIAN DANIELS,                                    Civil Action No.: 15CV4071
MIGDALIA VIDOT,
MAY BLAIR,
AGNES CATCHOW,                                     <u>**SECOND AMENDED**</u>
ZULEMA MENA,                                       <u>**COMPLAINT**</u>
CELESTE TEJADA,
SHIRLEY MCCOY,
BELINDA STALLWORTH,

                               Plaintiffs,
on behalf of themselves and all others similarly situated,

               -against-

CABS HOME ATTENDANTS SERVICE, INC.,

                               Defendant.
-------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs Cleopatra Cruden, Vivian Daniels, Migdalia Vidot, May Blair, Agnes Catchow, Zulema Mena, Celeste Tejada, Shirley McCoy and Belinda Stallworth, on behalf of themselves and all others similarly situated, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1. Plaintiffs bring this collective action, individually and on behalf of a class of similarly situated employees (the "Collective"), to seek redress for systematic underpayment of minimum and overtime wages against Defendant, who is a provider of home health care for the elderly and infirm in and around the City of New York.

2. Defendant paid Plaintiffs and the Collective a flat rate per diem for each twenty-four (24) hour shift; and failed to pay Plaintiffs and the Collective time and one-half for all hours worked beyond forty (40) per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 652 *et seq.*

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former home attendants ("HA"), home health aides ("HHA") or personal care aides ("PCA") employed by Defendant; who worked twenty-four (24) hour shifts since July 2009 to present, and who elect to opt into this action pursuant to the collective action provision of FLSA § 216(b).

4. Plaintiffs also bring this action on behalf of themselves for unpaid minimum wages and unpaid overtime wages pursuant to NYLL §§ 652 *et seq.* and its supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant employed Plaintiffs and the Collective in Brooklyn and Queens New York.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Cruden is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

9. Plaintiff Daniels is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

10. Plaintiff Vidot is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of New York.

11. Plaintiff Blair is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

12. Plaintiff Catchow is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

13. Plaintiff Mena is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

14. Plaintiff Tejada is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of New York.

15. Plaintiff McCoy is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

16. Plaintiff Stallworth is an adult individual who at all times relevant to this Complaint was a resident of the State and City of New York, County of Kings.

17. At all times relevant to this Complaint, Plaintiffs were employees of Defendant within the meaning of the FLSA, 29 USC § 203(e) and New York Labor Law § 190(2).

18. Defendant CABS Home Attendant Service, Inc. ("CABS") is a not for profit corporation doing business within the City of and State of New York that maintains its principal place of business at 44 Varet Street, Brooklyn, New York 11206. CABS runs a variety of social programs in the New York City area, including but not limited to home care services and housing services.

19. At all relevant times, Defendant was Plaintiffs' employer within the meaning of the FLSA and NYLL.

## STATEMENT OF FACTS

20.  Plaintiffs were home attendants ("HA"), home health aides ("HHA") or personal care aides ("PCA") employed by Defendant to work in New York City providing personal home health care and assistance to Defendant's disabled and/or elderly clients or consumers.

21. Plaintiff Cruden worked full-time for Defendant as a HA and HHA from approximately January 2008 through present.  Plaintiff Daniels worked full-time for Defendant as a HA from approximately 1999 through December 2013.  Plaintiff Vidot worked full-time for Defendant as a HA from approximately 2007 through January 2013.

22. Plaintiff Blair worked as a full-time HA and PCA for Defendant from 2000 through present. Plaintiff Catchow worked for Defendant as a full-time HA and HHA from 1986 through 2014. Plaintiff Mena worked for Defendant as a full-time PCA and HA from 1985 through April 2012. Plaintiff Tejada worked as a full-time HA and HHA from 1984 through December 2012.

23. Plaintiff McCoy worked as a full-time HA for Defendant from 1985 through present. Plaintiff Stallworth worked as a full-time HA and HHA for Defendant from July 2010 through April 2015.

24. While employed by Defendant, Plaintiffs and the FLSA Collective provided services to Defendant's homebound elderly and disabled clients. The job duties of Plaintiffs and the Collective included, but were not limited to the following: personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning windows, cleaning bathrooms, doing laundry and taking out garbage; shopping; running errands; escorting clients; and taking care of household pets.

25. At all time herein relevant, Defendant was an enterprise affecting interstate commerce with annual revenues in excess of $500,000.00 and over 300 employees; and it possessed and exercised the right to control Plaintiffs and the Collective's work; and dictated the hours, hourly pay, assignments, and schedules of Plaintiffs and the Collective. Plaintiffs and the Collective were paid by Defendant as W-2 wage employees.

26. While employed by Defendant, Plaintiffs and the Collective regularly worked, or were required to be at work for, more than 40 hours per week.

27. While employed by Defendant, Plaintiffs and the Collective often worked 24-hour shifts. Plaintiffs and the Collective were regularly required to work numerous 24-hour shifts consecutively, which required them to stay overnight at the residences of Defendant's clients. This was known as "live in" or "sleep in."

28. Throughout the tenures of Plaintiffs and the Collective, they rarely received uninterrupted, continuous and completely relieved of duty sleeping and meal periods because they were required to assist, monitor and respond to their consumers throughout their shifts, including during alleged sleeping and meal periods.

29. Defendant paid Plaintiffs and the Collective who worked "live in" shifts a flat rate per diem. In the discharge of their respective duties, Plaintiffs used the mails, wires and goods from the stream of commerce, and was engaged in commerce or the production of goods for commerce, as defined in the FLSA, 29 U.S.C. § 203.

30. Defendant generally paid Plaintiffs and the Collective who worked "live in" hours $136.95 for weekday shifts, and $150.15 for weekend shifts.

31. At all relevant times, Defendant had a practice and policy of paying their employees the above stated flat rates, resulting in hourly rates for the 24 hour shifts that were and are well below the minimum wage in violation of the FLSA and NYLL.

32. At all relevant times, Defendant has a practice and policy of assigning employees to work more than 40 hours per week without paying them one and one half times their regular hourly rate for hours worked in excess of 40 per week, in violation of the overtime provisions of the FLSA and NYLL. Defendant also had a policy and practice of failing to pay their FLSA exempt employees one and one half times the minimum hourly wage rate for hours worked in excess of 40 per week, in violation of NYLL and its implementing regulations.

33. While employed by Defendant, Plaintiffs regularly worked between three and five consecutive 24 hour shifts per week, typically arriving at their clients' residences around 8 A.M. and leaving around 8 A.M.

34. While employed by Defendant, Plaintiffs regularly worked 72 to 120 hours per week. They were compensated as indicated above.  In addition, Defendant at all times failed to pay Plaintiffs an additional hours' pay at the applicable minimum wage when the time period between the start and end of Plaintiffs' workday exceeded ten hours.

35. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and New York Labor Law. This pattern of practice includes but is not limited to:

a. Failing to pay Plaintiffs and the Collective the minimum wage for all hours worked in each discrete work week; and,

4

b. Failing to pay Plaintiffs and the Collective one and one half times their regular rate of pay, or, in the alternative, one and one half the basic minimum hourly wage rate, for hours worked in excess of 40 per work week.

36. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4 and 12 NYCRR 142-2.6.

37. Upon information and belief, Defendant's unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and New York Labor Law.

38. Defendant's unlawful conduct has been widespread, repeated and consistent, even after prior litigation on this exact same issue was resolved against Defendant and in favor of its former employees who were identically-situated to Plaintiffs in all material respects.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs, on behalf of themselves and all others similarly situated, re-allege and incorporate by reference the above paragraphs as set forth herein.

40. Plaintiffs bring this collective action pursuant to FLSA § 216(b) on behalf of: "all persons who worked twenty-four (24) hour or sleep/live-in shifts as home attendants ("HA"), home health aides ("HHA") or personal care aides ("PCA") for Defendant at any time six years prior to the filing of this Complaint to the entry of judgment in this case."

41. During the above referenced time period, Defendant had, maintained and enforced a policy whereby it employed HAs, HHAs and PCAs who worked twenty-four (24) hour or sleep/live-in shifts and paid those employees their respective regular hourly rates for only twelve (12) hours of each shift plus a flat-rate per diem. Defendant also paid those employees their respective regular hourly rates for all hours beyond forty (40) per week.

42. As a result, those employees, including Plaintiffs, were not paid the applicable minimum wage for all hours worked; and were not paid time and one-half of the applicable minimum wage for hours worked beyond forty (40) per week, even though they were required by Defendant to be on-duty and working or ready to work for the entire shifts. Plaintiffs and the Collective are identically situated in all material respects, including but not limited to job titles, pay rates, schedules and job duties. They are also identically situated in terms of being subject to Defendant's policies above described.

43. Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiffs and the FLSA Collective. A collective action is superior to individual actions since members of the Collective lack resources to prosecute their cases individually and because they are victims of Defendant's policy of underpayment of wages.

44. Defendant has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et. seq.* as described in this Complaint in ways including, but not limited to, failing to pay employees minimum wage and overtime under federal and state law.  Plaintiffs hereby seek to enforce the more generous minimum and overtime wage requirements of the NYLL and/or the NYC Administrative Code § 6-109 through the FLSA's savings clause, 29 U.S.C. § 218(a).

45. Defendant has been deemed liable previously for non-payment of minimum and overtime wages to its HAs, HHAs and PCAs who worked twenty-four (24) hour or sleep/live-in shifts. Defendant, however, has not changed its policy of failing to pay employees minimum wage and overtime. Defendant's conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

46. Defendant's conduct was not based on advice of counsel or guidance from a court or government agency of competent jurisdiction.

47. Notice should be sent to the FLSA Collective. There are numerous identically situated current and former employees of Defendant who have suffered from the common policies and plans of Defendant, including being denied minimum wage and overtime, and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE
### *(Brought on Behalf of Plaintiffs and the Collective)*

48. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

49. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

50. Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. § 216(b).

51. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

52. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and the Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. Defendant violated the rights of Plaintiffs and the Collective by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(1).  To the extent that Plaintiffs were exempt from the FLSA minimum wage requirements, Plaintiffs may enforce NYLL § 652's and/or NYC Administrative Code §6-109's greater minimum wage protections through the FLSA's savings clause, 29 U.S.C. § 218(a).

6

54. Defendant's failure to pay Plaintiffs and the Collective the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

55. Defendant is liable to Plaintiffs and the Collective who opt in to this action for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).  Plaintiffs and the Collective are also entitled to a declaratory judgment under the FLSA.

## SECOND CAUSE OF ACTION: FLSA OVERTIME
### *(Brought on Behalf of Plaintiffs and the Collective)*

56. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

57. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

58. Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. § 216(b).

59. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

60. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and the Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. Defendant violated the rights of Plaintiffs and the Collective by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).  To the extent that Plaintiffs were exempt from the FLSA overtime requirements, Plaintiffs may enforce the NYLL § 652's and/or NYC Administrative Code §6-109's greater overtime wage protections through the FLSA's savings clause, 29 U.S.C. § 218(a).

62. Defendant's failure to pay Plaintiffs and the Collective overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

63. Defendant is liable to Plaintiffs and the Collective who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b). Plaintiffs and the Collective are also entitled to a declaratory judgment under the FLSA.

## THIRD CAUSE OF ACTION: NEW YORK LABOR LAW MINIMUM WAGE
### *(Brought on Behalf of Named Plaintiffs Only)*

64. Plaintiffs allege and incorporate by reference the allegations contained in all preceding

paragraphs.

65. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 N.Y.C.R.R. § 142-2.14.

66. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of New York Labor Law §§ 190(3) and 651(6).

67. At all times relevant to this action, Defendant failed to pay Plaintiffs the minimum wage in violation of New York Labor Law § 652 and 12 N.Y.C.RR § 142-2.1.

68. Defendant willfully violated the rights of Plaintiffs by failing to pay their wages due and owing for work performed in violation of New York Labor Law, as indicated above.

69. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law § 652 and implementing regulations.

## FOURTH CAUSE OF ACTION: NEW YORK LABOR LAW OVERTIME
### *(Brought on Behalf of Named Plaintiffs Only)*

70. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

71. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 N.Y.C.R.R. § 142-2.14.

72. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of New York Labor Law §§ 190(3) and 651(6).

73. At all times relevant to this action, Defendant failed to pay Plaintiffs time and one-half of their regular rates and/or the minimum wage in violation of New York Labor Law § 652 and 12 N.Y.C.RR § 142-2.1.

74. Defendant willfully violated the rights of Plaintiffs by failing to pay overtime due and owing for work performed in violation of New York Labor Law.

75. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law § 652 and implementing regulations.

**FIFTH CAUSE OF ACTION: NEW YORK SPREAD OF HOURS**
*(Brought on Behalf of Named Plaintiffs Only)*

76. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

77. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of New York Labor Law §§ 190(2) and 651(5) and 12 N.Y.C.R.R. § 142-2.14.

78. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of New York Labor Law §§ 190(3) and 651(6).

79. At all times relevant to this action, Defendant failed to pay Plaintiffs spread of hours when the beginning and end of Plaintiffs' workday was ten or more hours apart in violation of 12 N.Y.C.RR § 142-2.4.

80. Defendant willfully violated the rights of Plaintiffs by failing to pay spread of hours in violation of NYCRR.

81. Due to Defendant's NYCRR violations, Plaintiffs are entitled to recover from Defendant their unpaid spread of hours, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law § 652 and implementing regulations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all similarly situated persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as HAs, HHAs or PCAs who worked 24 hour shifts. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b. Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. §§ 201 *et seq.,* New York Labor Law § 663;

c. An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* for unpaid wages;

d. Liquidated damages pursuant to New York Labor Law § 663;

e. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216(b);

f. Designation of Plaintiffs as representative of the Collective, and counsel of record as Collective Counsel; and

g. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and/or New York Labor Law.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated:  Brooklyn, New York

August 8, 2015

LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550