# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | |
|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 212-545-4661
MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

February 5, 2016

**VIA ECF**

The Honorable Roslynn R. Mauskopf
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Cleopatra Cruden, et al. v. CABS Home Attendants*
        <u>Case No.: 15-CV-4071 (RRM)(JO)</u>

Dear Judge Mauskopf:

    We represent Defendant CABS Home Attendants Service ("CABS") in connection with the above-referenced case. Pursuant to Your Honor's Individual Practices, CABS respectfully requests leave to make a motion to dismiss this case or, in the alternative, stay it and compel arbitration pursuant to F.R.C.P. 12 and the Federal Arbitration Act, 9 U.S.C. §§ 3-4.

    This action alleges claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL, together with the FLSA the "Wage Laws") on behalf of Plaintiff home care workers. Plaintiffs are members of a union, 1199 SEIU United Healthcare Workers East ("Union"). The Union represents the home care workers not only of CABS but of most if not all of the agencies providing "sleep-in" or "live-in" home care services pursuant to Medicare and Medicaid reimbursement programs administered by the New York City Human Resources Administration or by managed care organizations. Since the early 1980s, CABS and the Union have been parties to a collective bargaining agreement ("CBA") governing the employment relationship between plaintiffs and CABS.

    On December 16, 2015, CABS and the Union entered into a Memorandum of Agreement requiring that all disputes between CABS' employees represented the Union and CABS, including *inter alia* disputes under the Wage Laws, be submitted to arbitration. *See* Exhibit A.

    This week, addressing an identically-worded agreement to arbitrate between the Union and another agency engaged in public-reimbursement home care services, Judge Forrest


Attorneys at Law

The Honorable Roslynn R. Mauskopf
United States District Judge
February 5, 2016
Page 2

granted the agency's motion to compel arbitration of wage claims. *Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc.*, S.D.N.Y. 15-CV-9605 02/03/2016 (Exhibit B). *Chan*, the FAA and the National Labor Relations Act compel the same result here, and the claims at issue in this case must be arbitrated in conformity with the procedure agreed to by CABS and the Union. We request that this matter be dismissed, or in the alternative stayed, pending such arbitration. We contacted Plaintiffs' counsel and requested that he withdraw this action in accordance with the above. He declined to do so.

We thank the Court for its attention to this application.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
cc: Magistrate Judge James Orenstein (via ECF)
David C. Wims, Esq. (via ECF)

4850-2379-4733, v. 2

# EXHIBIT A

2.  If the Employer maintains that it has insufficient funds to comply on a temporary basis with the economic terms of this Memorandum of Agreement, the Employer shall immediately communicate with the Union and the parties will meet within 5 days to discuss appropriate delays in payment of certain economic terms of this Memorandum of Agreement (excluding base wages and contributions to the Home Care Fund, or its successor). If the parties are unable to reach agreement within five days of meeting, the matter shall be referred to Martin F. Scheinman for resolution through binding arbitration. The parties recognize that nothing herein shall be construed to relieve the Employer of any of its obligations under the Home Care Worker Wage Parity Law and/or the CBA.

**New Article \_\_\_ in the CBA, "ALTERNATIVE DISPUTE RESOLUTION", is hereby created, to read in full as follows:**

1.  The parties agree a goal of this Agreement is to ensure compliance with all federal, state, and local wage hour law and wage parity statutes. Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state, and local wage-hour and wage parity statutes, all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article. The statute of limitations to file a grievance concerning the Covered Statutes shall be consistent with the applicable statutory statute of limitations. All such claims if not resolved in the grievance procedure, including class grievances filed by the Union, or mediation as described below shall be submitted to final and binding arbitration before Martin F. Scheinman, Esq. The Arbitrator shall apply appropriate law and shall award all statutory remedies and penalties, including attorneys' fees, consistent with the FLSA and New York Labor Law in rendering decisions regarding disputes arising under this Article.

2.  Whenever the parties are unable to resolve a grievance alleging a violation of any of the Covered Statutes, before the matter is submitted to arbitration, the dispute shall be submitted to mandatory mediation. The parties hereby designate Martin F. Scheinman, Esq. as Mediator for such disputes. Such mediation shall be requested no more than thirty (30) calendar days following exhaustion of the grievance procedure. Following submission of the dispute to mediation, the parties with the assistance of the Mediator shall establish such procedures as shall expeditiously advance the mediation process, including the scheduling of the exchange of relevant information, submission of position statements, and dates for mediation. In the absence of agreement, the Mediator shall determine such procedures. Once the matter has been submitted to mediation, the Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Mediator. The fees of the Mediator shall be shared equally by the Union and the Employer.

3.  No party may proceed to arbitration prior to completion of the mediation process as determined by the Mediator. In the event the Union seeks arbitration of a grievance subject to these procedures, the Union shall submit its demand for arbitration to the

9

CONFIDENTIAL                                              D003487

Employer and the Arbitrator within four (4) months following the Mediator's declaration that mediation has concluded. The Employer shall be obligated to produce relevant documents as requested by the Union and any objections to production shall be ruled on by the Arbitrator. Prior to hearing, if noticed, the Union shall also be entitled to depositions of relevant witnesses. The fees of the arbitrator shall be shared equally by the Union and the Employer. The Employer shall upon notice be entitled to take the deposition of any Employee seeking relief in such arbitration or any other relevant witness.

4. In the event an Employee has requested, in writing, that the Union process a grievance alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of mediation, an Employee solely on behalf of herself, may submit her individual claim to mediation, or following the conclusion of mediation, to arbitration. Written notice of the Employee's submission of the dispute to mediation and/or arbitration must be provided to the Employer, the Union, and the Mediator/Arbitrator within thirty (30) calendar days of written notice from the Union, as measured by postmark date, email date, facsimile date, or delivery/attempted delivery date (if such notice is served by overnight delivery service), that it has declined to process the dispute to mediation and/or arbitration. Such claims may be presented by and on behalf of the individual Employee only, with or without counsel. The Mediator/Arbitrator shall have no authority to consider class or collective claims or issue any remedy on a class basis. The fees and expenses of the Mediator/Arbitrator shall be shared equally by the employee and the Employer, unless the arbitrator finds a violation of any of the Covered Statutes, in which case the Employer shall pay the fees and expenses of the Arbitrator.

5. The parties agree not to contest court confirmation of an arbitration award rendered under this Article. Nothing herein shall require the Union or the Employer to indemnify the other party with respect to any finding by an arbitrator and/or court of competent jurisdiction that the Employer has violated any of the Covered Statutes.

6. All payroll and time records exchanged by the parties (i.e. Union, Employer or individual Employee) in mediation shall be deemed admissible in arbitration. All other information exchanged in mediation shall be deemed offered as part of a settlement negotiation and, pursuant to the Federal and New York State Rules of Evidence, shall not be admissible in any subsequent proceeding.

[THIS SPACE INTENTIONALLY LEFT BLANK]

CONFIDENTIAL                                                    D003488

New Article __ in the CBA, "Ratification"

1. This MOA is subject to ratification by the Union and its membership and by the Board of Directors of the Employer.

| 1199SEIU UNITED HEALTHCARE WORKERS EAST | CABS HOME ATTENDANTS SERICE, INC. |
|---|---|
| By: *[signature]* | By: *[signature]* <br> By: Sherly Demosthenes-Atkinson, Executive Director |
| Date: 12/16/15 | Date: 12/11/15 |

WSACTIVELLP:8120525.3

4844-3195-7292, v. 2

11

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

LAI CHAN, HUI CHEN, and XUI XIE,
individually and on behalf of all others similarly
situated,

      Plaintiffs,

   -v-

CHINESE-AMERICAN PLANNING COUNCIL
HOME ATTENDANT PROGRAM, INC.,

      Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 3, 2016

15-cv-9605 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

 On March 11, 2015, plaintiffs Lai Chan, Hui Chen, and Xue Xie, individually and as class representatives, brought this action in New York State Supreme Court against their employer, defendant Chinese-American Planning Council Home Attendant Program, Inc. ("CPC"), alleging several wage-related claims under New York law. (Compl., ECF No. 1-2.) After plaintiffs amended their complaint to include claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, CPC removed the action to this Court. (Am. Compl., ECF No. 1-1.) On December 15, 2015, CPC moved to compel arbitration and stay the instant action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4, based on the arbitration provisions of a collective bargaining agreement executed between plaintiffs' bargaining representative, 1199 SEIU United Healthcare Workers East

(the "Union") and CPC. (ECF No. 5.) For the reasons set forth below, defendant's motion is GRANTED.

There is a strong federal policy favoring arbitration under the FAA, which requires federal courts to enforce valid arbitration agreements and stay underlying litigation. See 9 U.S.C. §§ 2-3; Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp., 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). The FAA provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, including "generally applicable contract defenses, such as fraud, duress, or unconscionability," Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). "Under the [FAA], a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. The FAA leaves no discretion with the district court in the matter." Katz v. Cellco P'ship, 794 F.3d 341, 344 (2d Cir. 2015) (quoting McMahan Sec. Co. v. Forum Capital Mkts., 35 F.3d 82, 85-86 (2d Cir. 1994)).

On a motion to compel arbitration, the moving party must show that 1) there is a valid agreement between the parties to arbitrate disputes, and 2) the instant dispute falls within the scope of the arbitration agreement. See Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001); see also JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (stating

2

that the Court must consider: (1) "whether the parties agreed to arbitrate", (2) "the scope of that agreement", (3) "if federal statutory claims are asserted, [whether] Congress intended those claims to be nonarbitrable", and (4) if some, but not all, of the claims in the case are arbitrable, whether "to stay the balance of the proceedings pending arbitration"). Based on a review of parties' submissions, it is clear that there is a valid arbitration agreement in place and that the instant action falls within the scope of that agreement.

The named plaintiffs and all putative class members are members of the Union, which, since 2009, has had a collective bargaining agreement ("CBA") governing the employment relationship between plaintiffs and CPC. (Kirschner Affirm. ¶ 2, ECF No. 7.) The CBA has been modified and extended by several memoranda of agreement ("MOA"). (Kirschner Affirm. ¶ 2.) Most recently, on January 21, 2016—in other words, during the pendency of this motion—the Union's members ratified an MOA, dated December 7, 2015, between CPC and the Union (the "2015 MOA"). (See Ma Decl. ¶ 3 & Ex. A, ECF No. 40; Kirschner Affirm., Ex. 4, ECF No. 7-4.)[1] The CPC Board of Directors had ratified the 2015 MOA on January 20, 2016. (Ma Decl. ¶ 2.) Having been ratified by both sides, a valid contract has

---

[1] On January 19, 2016, two days before the Union's scheduled ratification vote, plaintiffs moved for a temporary restraining order, which sought to enjoin CPC and the Union from communicating with putative class members about the 2015 MOA's arbitration clause and to enjoin the Union's ratification vote. (ECF No. 21.) The Court denied that motion on January 21, 2016, on the grounds that plaintiffs failed to show irreparable harm or that they would likely succeed on the merits (or that they provided sufficiently serious grounds to warrant such relief). (ECF No. 36.)

Prior to the removal of this action to this Court, the New York State Supreme Court denied defendant's motion to compel arbitration based on the then-operative 2014 MOA. The state court's decision is not preclusive of defendant's motion here because, inter alia, that court was not addressing the now operative 2015 MOA.

been formed and the 2015 MOA is now in effect.[2] In pertinent part, the 2015 MOA contains amendments that require plaintiffs to submit certain claims to a specified mediation and arbitration process. (Kirschner Affirm., Ex. 4 at 9-10.) As a result, there is a valid agreement between the parties to arbitrate disputes.

The 2015 MOA clearly specifies that all wage and hour-related claims brought by employees or the Union must be submitted exclusively to the alternative dispute resolution procedures provided for in the agreement. (Kirschner Affirm., Ex. 4 at 9-10.) In relevant part, the 2015 MOA states:

> Accordingly, to ensure the uniform administration and interpretation of this Agreement in connection with federal, state, and local wage-hour and wage parity statutes, all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the "Covered Statutes"), in any manner, shall be subject exclusively, to the grievance and arbitration procedures described in this Article.

(Kirschner Affirm., Ex. 4 at 9.) The CBA thus expressly evinces the parties' intention to arbitrate the precise claims brought here, including all claims brought under the FLSA, New York Home Care Worker Wage Parity Law, and New York Labor Law.[3]

---

[2] To the extent that plaintiffs maintain that the 2015 MOA is not yet in effect because it has not yet been approved by the New York City Human Resources Administration ("HRA"), the Court is not persuaded. Plaintiffs do not work on HRA cases, and thus the HRA has no impact on the terms and conditions of their employment. (Ma Decl. ¶ 10.) Furthermore, HRA Deputy Commissioner Arnold Ng has indicated to CPC that HRA intends to approve the 2015 MOA shortly (Ma Decl. ¶ 6), and CPC and the Union have treated the 2015 MOA as in effect and operating in all respects (Ma Decl. ¶¶ 8-9).

[3] Plaintiffs argue that they cannot be forced through a collective bargaining agreement to arbitrate claims brought under the FLSA. The Court rejects this argument. Numerous courts have held that FLSA claims may be subject to mandatory arbitration clauses. Arrigo v. Blue Fish Commodities, Inc., 704 F. Supp. 2d 299, 304 (S.D.N.Y. 2010), aff'd, 408 F. App'x 480 (2d Cir. 2011); Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462, 467 (S.D.N.Y. 2003).

4

Plaintiffs seek to avoid this mandatory arbitration clause by arguing that the agreement to arbitrate embodied in the 2015 MOA cannot apply retroactively to claims that may have accrued prior to the execution of the 2015 MOA. This argument is meritless. The Second Circuit has indicated that, in the absence of a provision placing a temporal limitation on arbitrability, an arbitration provision may cover claims that accrued prior to the execution of the agreement to arbitrate. Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 98-99 (2d Cir. 1999); see also Arrigo v. Blue Fish Commodities, Inc., 408 F. App'x 480, 481-82 (2d Cir. 2011) (summary order); Duraku v. Tishman Speyer Properties, Inc., 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010). Significantly, the arbitration provision at issue here contains no such clear limiting language. Furthermore, to the extent there is doubt about the scope of arbitrable issues, the Court must resolve that doubt in favor of arbitration. Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452-53 (2003) (plurality opinion); Citigroup, Inc. v. Abu Dhabi Investment Auth., 776 F.3d 126, 130 (2d Cir. 2015). "While a gateway dispute about whether the parties are bound to a given arbitration clause raises a question of arbitrability for a court to decide," it is the role of the arbitrator, rather than this Court, to resolve issues of contract interpretation and arbitration procedures in the first instance. Duran v. J. Hass Grp., L.L.C., 531 F. App'x 146, 147 (2d Cir. 2013) (summary order) (quotation marks omitted); see UBS Financial Services, Inc. v. West Virginia Univ. Hosps., Inc., 660 F.3d 643, 654 (2d Cir. 2011) (stating that "procedural questions which grow out of the dispute and bear on its final

5

disposition" are generally for the arbitrator to resolve in the first instance (quotation marks omitted)).

Plaintiffs further argue that this Court should not compel them to arbitrate their claims because arbitration will be cost prohibitive, preventing them from vindicating their rights in that forum. "[W]here, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 92 (2000). Plaintiffs have failed to support this argument with any evidence—as opposed to mere speculation—that they are likely to incur prohibitive costs by pursuing their claims through arbitration. Plaintiffs' argument is, furthermore, belied by the arbitration procedures provided for in the 2015 MOA, as any fees pertaining to a grievance submitted by the Union to mediation and/or arbitration are to be shared equally by the Union and CPC, with the employees bearing no fees at all. (Kirschner Affirm., Ex. 4 at 10; Kirschner Reply Decl. ¶ 5, ECF No. 39.) Because plaintiffs have failed to meet their burden to show that arbitration would be cost-prohibitive, the Court rejects this argument.

Accordingly, defendant's motion to compel arbitration is GRANTED.[4] This action shall be stayed pending arbitration. See 9 U.S.C. § 3.

---

[4] The Court has considered plaintiffs' other arguments, and concludes that they are without merit.

The Clerk of Court is directed to close the motion at ECF No. 5.

SO ORDERED.

Dated:   New York, New York
         February 3, 2016

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge